UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON

| | |
|---|---|
| IN RE:<br><br>**Craig L. Peterkin,**<br><br>   **Plaintiff,**<br>   v.<br><br>**HomeServeUSA Repair Management Corp,**<br><br>   **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 2:25-CV-13570-DCN-MGB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Craig L. Peterkin is a natural person and resident of Charleston, South Carolina.

Defendant HomeServe USA Corp. ("HomeServe") is an international corporation organized under the laws of the State of South Carolina, with its principal place of business located at 2 Office Park Court Suite 103, Columbia, SC 29223. HomeServe conducts substantial business in South Carolina and is subject to personal jurisdiction in this District.

### II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states.

4. This Court also has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law, including the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq.).

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in South Carolina, and Defendant is subject to personal jurisdiction here.


RCV'D - USDC - CHAS, SC
2025 NOV 24 PM 3:57

1

6. Plaintiff previously filed a civil action in the Court of Common Pleas for Charleston, South Carolina, Case No. 2023CP1000524, asserting claims against Defendant arising from deceptive and unfair trade practices related to warranty coverage and solicitations.

7. In March 2019, Plaintiff renewed a home warranty with HomeServe covering plumbing systems.

8. In December 2019, an in-slab hot water pipe leak occurred, triggering warranty protections. HomeServe dispatched Wright Way Plumbing, but the technician refused to repair due to lack of equipment, violating service obligations.

9. In January 2020, HomeServe sent Michael Holt of Liberty Services, who performed extensive replumbing without permits or proper scope of work. Holt removed copper pipes and replaced them with plex piping, violating SC Code Section 40-11-110(A)(5)(13) and building regulations pursuant to SC Code Section 15-3-630 and 15-3-640

10. South Carolina Department of Labor, Licensing and Regulation (SCLLR) renewed Holt's license in October 2019 despite active lawsuits for defective work. Plaintiff alleges HomeServe and SCLLR had constructive knowledge of Holt's litigation history, creating a false sense of legitimacy and delaying discovery of defects. Plaintiff seeks equitable tolling to prevent injustice due to regulatory and corporate concealment.

11. HomeServe continued to engage Holt despite known risks, misleading Plaintiff about contractor qualifications and repair quality.

12. Despite the pendency of litigation, Defendant continued its wrongful conduct by soliciting Plaintiff for warranty coverage as recently as November 2025, through direct mail solicitations creating the cause of action, with the case dismal May 2025 statue of limitations begin date.

13. Defendant's actions constitute a pattern of misrepresentation and unfair trade practices, causing Plaintiff actual damages including financial loss, emotional distress, and wasted time.

## IV. CAUSES OF ACTION

COUNT I – BREACH OF CONTRACT

14. Defendant breached contractual obligations by failing to honor agreed-upon terms and engaging in misleading solicitations.

COUNT II – VIOLATION OF SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT (SCUTPA)

15. Defendant engaged in unfair and deceptive acts or practices in the conduct of trade or commerce.

COUNT III – FRAUDULENT MISREPRESENTATION

16. Defendant knowingly made false representations regarding warranty coverage and contractor qualifications.

## COUNT IV – VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

17. Defendant provided written warranties and service contracts that failed to comply with federal disclosure and performance standards.

## V. DAMAGES

Plaintiff prays for the following relief:

Award of actual damages and/or statutory damages, compensatory damages, treble damages under SCUTPA, punitive damages, attorneys' fees, and costs;

An order declaring that Defendant's action as set forth above, violate SCUPTA;

An injunction requiring Defendant to cease all unsolicited direct mailing activity and to protect the interests of plaintiff an injunction barring Defendant from conducting business in South Carolina;

## VI. EQUITABLE TOLLING

Plaintiff asserts equitable tolling due to Defendant's concealment of defective work, misleading assurances, and regulatory failures by SCLLR. Plaintiff could not reasonably discover the defects until significant damage occurred. Tolling is necessary to prevent Defendant from benefiting from misconduct.

## VII. LEGAL AUTHORITY AND PRECEDENTS

Relevant cases include Ware v. Best Buy Stores, L.P., Shoner v. Carrier Corp., Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., and South Carolina cases such as Builders FirstSource-Southeast Group, LLC v. Palmetto Trim & Renovation and Dag Pavic v. Saussy Burbank.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

The facts which are admitted and require no proof:

Warranty Agreements 2019 and 2020 existed between parties

See attached Affidavit of Michael Holt dated August 2024

Respectfully Submitted,

Craig L. Peterkin, Pro Se *Craig L. Peterkin* 11/24/2025

1478 Arrow Wind Ter

Charleston, SC 29414

843-754-4208

pete159@comcast.net/cpetee1949@gmail.com

4

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____, 20___.

Signature of Plaintiff     *Craig L Peterkin*
Printed Name of Plaintiff  CRAIG C. PETERKIN

### B. For Attorneys

Date of signing: _____, 20___.

Signature of Attorney     _____
Printed Name of Attorney  _____
Bar Number                _____
Name of Law Firm          _____
Address                   _____
Telephone Number          _____
E-mail Address            _____